UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TYSHAUN LAMAR GREGORY,

Plaintiff,

v.                                                    CAUSE NO. 3:25-CV-129-JD-APR

INDIANA STATE PRISON, et al.,

Defendants.

<u>OPINION AND ORDER</u>

Tyshaun Lamar Gregory, a prisoner without a lawyer, filed a complaint seeking monetary damages. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Gregory alleges that he has been subjected to unconstitutional conditions of confinement while housed at Indiana State Prison ("ISP"). He alleges that there are holes in the windows that allow birds to enter the cell house. The birds then leave feces in the unit. He also alleges that there is mold in the showers and hygiene racks are rusty. When the water runs, the rust or mold cause a bad smell. That smell has caused him to suffer from shortness of breath and dizziness to the point where he is about to

fall over sometimes. There is also mold on walls in his cell and holes in the walls that bugs enter through. Gregory is Muslim and would like to pray on the ground five times a day, but his cell is too dirty, and he is unable to obtain cleaning supplies. Gregory also complains that officers sometimes use their personal gloves to pass out food or handle materials that are being passed out like towels, clothes, or soap. Gregory believes this is unsanitary.

Gregory indicates that, while incarcerated at ISP, he was being held pending trial and was also serving sentence for a conviction. To the extent Gregory was a pretrial detainee, he was protected under the Fourteenth Amendment from being held in "conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Conditions may amount to punishment if as a result, inmates are denied "the minimal civilized measure of life's necessities," which include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) and *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)).

To the extent that Gregory was serving a sentence, the Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction

of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

Here, Gregory is suing Warden Ron Neal and Assistant Warden Dawn Buss. Gregory appears to be suing them because they are in charge at ISP, not because they were personally responsible for the conditions in his cell house. "A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008). There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their

own misdeeds but not for anyone else's." *Id*. at 596. Supervisors can also be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). Gregory has not alleged facts from which it could be plausibly inferred that these individuals were deliberately indifferent to his conditions or that they facilitated, approved, condoned, or turned a blind eye to his situation. *Matthews*, 675 F.3d at 708. Furthermore, negligence generally states no claim upon which relief can be granted in a § 1983 action. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment."). Therefore, Gregory will not be permitted to proceed against these defendants.

Gregory also named ISP as a defendant. ISP is a building, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

This complaint does not state a claim for which relief can be granted. If Gregory believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law

library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Tyshaun Lamar Gregory until **August 18, 2025**, to file an amended complaint; and

(2) CAUTIONS Tyshaun Lamar Gregory if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on July 16, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

5